IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ADI CONSTRUCTION OF VIRGINIA LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 1:13cv598 (JCC/IDD) ) ) |
| KENNETH BORDEWICK, et al., | ) ) |
| Defendants. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants Kenneth Bordewick and Beverly Hills Luxury Interiors, LLC's ("Defendants") Motion to Dismiss First Amended Complaint Pursuant to Rules 12(b)(6) or 12(b)(7) or Motion for Summary Judgment ("Motion"). [Dkt. 11.] For the following reasons, the Court will grant Defendants' Motion.

**I.   Background**

A.   Factual Background

This case arises out of a contract in the form of a standard AIA Owner/Design-Builder Agreement ("Agreement") for the design and construction of a concept "ready room" at a property leased by non-party Executive Readiness Solutions, LLC

1

d/b/a Guardian 24/7 ("Guardian") in Leesburg, Virginia ("the Project"). (Am. Compl. [Dkt. 6] ¶¶ 4, 7; Agreement, Ex. A, Am. Compl. [Dkt. 6-1] at 1.) The Agreement indicates that it is between Guardian, defined as the "Owner," and Plaintiff ADI Construction ("ADI"), defined as the "Design-Builder." (Agreement at 1.) The Agreement defines Defendant Kenneth Bordewick ("Bordewick") as Guardian's "Designated Representative" and Defendant Beverly Hills Luxury Interiors ("BHLI") as Guardian's "Acting Agent." (*Id.* §§ 7.2, 7.4.) The version of the Agreement attached to the Amended Complaint shows that it was signed by Plaintiff's Vice-President, Keith Good, and by Kenneth Bordewick in the capacity of "Owner's Agent." (*Id.* at 10.)

Plaintiff alleges that Defendant Robert L. Mercer ("Mercer") paid Defendants Bordewick and BHLI for the entire amount due for the design and construction improvements at the Project and that in return, Defendants Bordewick and BHLI paid all amounts due to Plaintiff except for the final $158,913.42. (Am. Compl. ¶¶ 5, 10, 12.)

Plaintiff states that it already has entered into a confidential settlement with Defendants Mercer (a Guardian investor who funded the Project), Stephen Pettler ("Pettler") and Harrison & Johnson, PLC (the attorney and law firm for

2

Guardian) under which Plaintiff "received a portion of the funds it was owed." (*Id.* ¶¶ 5, 10-13.)

Following this settlement, Plaintiff alleges it still is owed $31,413.42 for the labor, materials, and services provided by it to the Project, and now seeks to recover this remaining amount from Defendants Bordewick and BHLI through Counts I-III of the Amended Complaint (claims for breach of contract, quantum meruit, and unjust enrichment). (*Id.* ¶¶ 14, 21, 26, 32.)

Pursuant to its claim for trover and conversion under Count IV, Plaintiff also alleges that it supplied a number of expensive items to the Project, along with the labor to install them, and that Defendant Bordewick unlawfully took possession of these items and converted them for other use after Plaintiff was instructed to stop construction on the Project, to not use the items, and to ship all such items to those defendants. (*Id.* ¶¶ 34-35.)

Finally, pursuant to its claim for fraud under Count V, Plaintiff alleges that Defendants Bordewick and BHLI made false statements to it regarding material facts about these defendants' agency relationship with Guardian, thereby inducing Plaintiff to provide labor, materials, and services to the Project. (*Id.* ¶ 37.) Plaintiff asserts that Defendants did so

knowingly and intentionally with the purpose of inducing its actions and that this resulted in damage to it. (*Id.* ¶ 38.)

B. <u>Procedural Background</u>

On April 10, 2013, Plaintiff filed its original Complaint in the Circuit Court of Loudoun County, Virginia. (Compl. [Dkt. 1-1].) The Complaint was against Defendants Bordewick and BHLI, as well as Robert L. Mercer, Stephen L. Pettler, Jr., Esq., and Harrison & Johnson, PLC, and contained six counts: a breach of contract claim against BHLI (Count I), a quantum meruit claim against BHLI (Count II), an unjust enrichment claim against BHLI (Count III), a trover and conversion claim against Bordewick (Count IV), a fraud claim against Bordewick and BHLI (Count V), and a declaratory judgment claim against all defendants (Count VI). (*Id.*) On May 15, 2013, Defendants Bordewick and BHLI removed the action to this Court. [Dkt. 1.] That same day, Defendants Bordewick and BHLI filed their first Motion to Dismiss or, in the alternative, Motion for Summary Judgment. [Dkt. 3.] Plaintiff filed an Amended Complaint on May 24, 2013. [Dkt. 6.] In the Amended Complaint, Plaintiff brings five counts: a breach of contract claim against Bordewick and BHLI (Count I), a quantum meruit claim against Bordewick and BHLI (Count II), an unjust enrichment claim against Bordewick and BHLI (Count III), a trover and conversion claim against Bordewick (Count IV), and a

fraud claim against Bordewick and BHLI (Count V).  In light of the Amended Complaint, the Court found Defendants' first motion to dismiss to be moot.  [Dkt. 10.]  Defendants Bordewick and BHLI filed the instant motion on June 7, 2013, along with an accompanying memorandum.  [Dkts. 11-12.]  Plaintiff filed its opposition on June 18, 2013 [Dkt. 15], and Defendants Bordewick and BHLI replied on June 25, 2013 [Dkt. 17].

Defendants' Motion is now before the Court.

## II.  Standard of Review

### A.  Motion to Dismiss under 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  A court reviewing a complaint on a Rule 12(b)(6) motion must accept well-pleaded allegations as true and must construe factual allegations in favor of the plaintiff. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).

A court must also be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide

5

"more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citation omitted).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1949-50.

In considering a motion to dismiss, a court is limited to considering the pleadings, documents attached to the pleadings, documents integral to, relied on, or referenced to within the pleadings, and official public records pertinent to the plaintiff's claims. *See Philips v. Pitt County Memorial*

*Hosp.*, 572 F.3d 176 (4th Cir. 2009); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006); *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995).

    B.    <u>Motion to Dismiss under 12(b)(7)</u>

Federal Rule of Civil Procedure 12(b)(7) permits a court to dismiss an action when a plaintiff fails to join a party in accordance with Rule 19. Rule 19 sets forth a two-step inquiry to determine whether a party should be joined in an action. First, a district court must determine whether the party is "necessary" to the action under Rule 19(a). *See Nat'l Union Fire Ins. Co. v. Rite ex rel. S.C.*, 210 F.3d 246, 250 (4th Cir. 2000). Second, "if a necessary party is unavailable for some reason, it must be determined whether the party is 'indispensable' to the case, in that the party's appearance is so essential that the case must be dismissed." *DPR Const., Inc. v. IKEA Property, Inc.*, No. 1:05cv259, 2005 WL 1667778, at *2 (E.D. Va. July 5, 2005).

### III. Analysis

Defendants argue that the Court should dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or, in the alternative, pursuant to Rule 12(b)(7) for failure to join a necessary and indispensable party per Rule 19. The Court concludes that the

Amended Complaint should be dismissed because non-party Guardian is both a necessary and indispensable party to this action.

First, the Court finds that Guardian is a necessary party. Rule 19(a) provides that a party is "necessary" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R .Civ. P. 19(a)(1)(A)-(B). In applying Rule 19, the Fourth Circuit has found that "all parties to a contract, and others having a substantial interest in it, are necessary parties." *See Delta Financial Corp. v. Paul D. Comanduras & Assoc.*, 973 F.2d 301, 305 (4th Cir. 1992) (citations omitted). In addition, "the increased potential for inconsistent judgments is grounds for finding a non-joined party necessary." *Owens-Illinois*, 186 F.3d 435, 441 (4th Cir. 1999).

Under the facts here, Guardian meets the characteristics of a "necessary" party under subsection (a)(1)(B)(ii). The Amended Complaint alleges that Guardian entered into a contract with Plaintiff that named Guardian as the "owner" for design and construction services at the Project and identified Defendants Bordewick and BHLI as the "designated

8

representative" and "acting agent," respectively, for Guardian. (Am. Compl. ¶ 4.) The contract attached to the Amended Complaint supports this allegation, despite a recent letter from Guardian (also attached as an exhibit) to the contrary. (*See* Contract, Ex. A, Am. Compl. [Dkt. 6-1] at 1, 8, 10; Ex. C [Dkt. 6-3].) The pleadings and attached exhibits supporting Guardian's role as an owner of the Project and a party to the contract in question (or at the very least, an entity with a substantial interest in the contract) indicate that Guardian has an integral interest in the subject matter of the current action. In addition, Guardian is so situated that disposition of this matter in its absence may leave Defendants exposed to inconsistent obligations. On the one hand, Plaintiff seeks to recover a portion of the money allegedly owed to it from Defendants through the current lawsuit, a lawsuit which primarily relies on the assertion that Guardian is not a party to or liable under the Agreement and that Defendants are instead. On the other hand, Plaintiff already has accepted a settlement for a portion of the money allegedly owed to it from other defendants that are entities who work for or are otherwise connected to Guardian (Robert Mercer, a Guardian investor and funder of the Project; Stephen Pettler and Harrison & Johnston, PLC, Guardian's lawyer and associated law firm), a resolution which is inconsistent with Plaintiff's current stance in this

9

litigation.[1]  (*See* Am. Compl. ¶¶ 5, 11, 13.)  Guardian is a necessary party, therefore, because its interest and involvement in the underlying dispute give rise to a substantial risk of conflicting legal obligations for Defendants if it remains absent from this action.  *See BTC Resolution, LLC v. Ford Motor Credit Co.*, 1:06CV144, 2006 WL 1049181, at *2-3 (E.D. Va. Apr. 12, 2006).

Second, the Court finds that joinder of Guardian is not feasible under Rule 19.  Plaintiff is a Virginia limited liability company, with a principal place of business located in Fairfax County, Virginia.  (Am. Compl. ¶ 1.)  Guardian also is a Virginia limited liability company and has a principal place of business located in Charlottesville, Virginia.  (*Id.* ¶ 4.)  The joinder of Guardian to this action therefore would eliminate this Court's diversity-of-citizenship jurisdiction.  As a result, joinder is not feasible.

Third, the Court finds that Guardian is an indispensable party.  If joinder is not possible under Rule 19(a), then the Court must consider whether the party is "indispensable" under Rule 19(b), in that they are so essential to the case that it otherwise must be dismissed.  In reaching

---

[1] The Court notes that Plaintiff's allegation that Defendants are jointly and severally liable with any other parties against whom Plaintiff may have claims is an unsupported legal conclusion that the plain terms of the Agreement here undermine and contradict.  As such, this bare assertion is not sufficient to make Guardian not a necessary or indispensable party to this action.

10

this determination, the Court must consider several factors, including whether a judgment rendered in the party's absence would be prejudicial, the extent to which prejudice can be lessened or avoided by shaping relief, whether a judgment rendered in the party's absence would be adequate, and whether the plaintiff will have an adequate remedy if the action is dismissed. Fed. R. Civ. P. 19(b).

Here, the factors weigh in favor of finding Guardian to be indispensable. As an initial matter, the Court's conclusion that Guardian's absence from this case is likely to subject Defendants to inconsistent obligations indicates, with respect to the first and third factors, that (a) there is significant potential for prejudice to Defendants by a judgment rendered in Guardian's absence and that (b) that such a judgment would not be adequate. *See Schlumberger Indus., Inc. v. Nat'l Sur. Corp.*, 36 F.3d 1274, 1287-88 (4th Cir. 1994). In addition, the parties have not suggested any measures that the Court could take to lessen or avoid the possibility of prejudice to Defendants. Finally, the Court sees no reason why Virginia state courts will not provide an adequate alternative forum for Plaintiff. *See id.* at 1288; *BTC Resolution*, 2006 WL 1049181, at *4.

In light of the possibility of Defendants' exposure to inconsistent legal obligations and the availability of this

alternate forum, the Court finds that the interests of justice favor dismissing the instant action and requiring Plaintiff to pursue its claims in state court.

Accordingly, the Court finds that Guardian is a necessary and indispensable party and therefore the Court must dismiss this action pursuant to Rule 12(b)(7).

## IV.  Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| July 12, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |